UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GERALD PLUVIOSE,

    Plaintiff,

v.                                        Case No.:  2:24-cv-988-JLB-KCD

PHH MORTGAGE, RUSHMORE
LOAN MANAGEMENT, OCWEN
and U.S. BANK NATIONAL
ASSOCIATION,

    Defendants.
_____/

## ORDER

Plaintiff Gerald Pluvoise, proceeding pro se, filed this lawsuit against several defendants involved with his mortgage for breach of contract, violations of the Fair Debt Collection Practices Act ("FDCPA"), and violations of the Real Estate Settlement Procedure Act ("RESPA"). (Doc. 1.)[1] Pluvoise also moved to proceed *in forma pauperis* ("IFP"). (Doc. 2.) The IFP motion was "granted as to the 28 U.S.C. § 1915(a) poverty requirement but denied as to the action's sufficiency under § 1915(e)(2)." (Doc. 4 at 1.) As explained by the Court, Pluvoise's complaint violated Federal Rules of Civil Procedure 8 and 10 and failed to allege diversity jurisdiction adequately. (*Id*. at 5-6.) Pluvoise was

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

directed to file an amended complaint that "establishes jurisdiction and complied with the proper pleading standards." (*Id*. at 6.) Now before the Court is Pluvoise's Amended Complaint, which was drafted using the Court's form complaint and attaches a "statement of claim" and exhibits. (Doc. 5.) The pleading remains deficient.

Pro se pleadings are construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That said, the Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (pro se litigants are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure").

Even applying a liberal construction, the "statement of claim" attached to Pluvoise's complaint fails Rule 8 and 10. (Doc. 5 at 6-9.) Federal Rule of Civil Procedure 8 requires "a short and plain statement" of how "the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(1)-(3). Instead of clearly articulating the facts of his case, Pluvoise offers a lengthy diatribe followed by a list of "cases that relate" to the claim and purported legal rules. Making matters worse, Pluvoise fails to identify the precise actions of each defendant he has identified.

As for Rule 10, it requires a party to state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. *See* Fed R. Civ. P. 10(b). Pluvoise doesn't do that either. Instead, he mentions the FDCPA and RESPA in narrative form, making it unclear which factual allegations correspond to those claims. He should set out his claims separately and support those claims in numbered paragraphs beneath each claim.

The Amended Complaint is also a shotgun pleading. *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294-95 (11th Cir. 2018). The Eleventh Circuit has identified four types of shotgun pleadings. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321-23 (11th Cir. 2015). The type relevant here are complaints that "assert[] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323. "When faced with a shotgun pleading, a district court must order a litigant to replead and to make a more definite statement of the claim. When the amended complaint still fails to cure the deficiency, the complaint may be subject to dismissal." *Thomas v. Leon Cnty. Fire Dep't*, No. 21-13042, 2023 WL 1815509, at *3 (11th Cir. Feb. 8, 2023).

The Amended Complaint repeatedly asserts claims against all or multiple defendants "without specifying which of the defendants are

responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1323. In fact, the Amended Complaint does not appear to include any claims against Rushmore Loan Management or Ocwen, but it isn't clear. Pluvoise should make clear which defendant he is suing under each claim and the specific actions that the defendant took to support the claim. In short, the Amended Complaint is a shotgun pleading that fails to state a claim on which relief may be granted. *McDowell v. Gonzalez*, 820 F. App'x. 989, 990-91 (11th Cir. 2020). As such, it must be dismissed.

Pro se litigants should be allowed to amend under § 1915 if a more carefully drafted pleading could state a claim. It is hard to say whether Pluviose has a viable case here. He was granted leave to amend once already, but the Amended Complaint made many substantive changes to the pleading. Thus, to be safe, the Court will permit him one last opportunity to submit a complaint that complies with the proper pleading standards.

Accordingly, it is **ORDERED**:

Plaintiff must file a second amended complaint consistent with this Order by **January 10, 2025**. **Failure to do so may result in this case being dismissed for failure to prosecute**.

**ENTERED** in Fort Myers, Florida on December 10, 2024.

                                                                  *[signature]*
                                                                  Kyle C. Dudek
                                                                  United States Magistrate Judge

Copies:   All Parties of Record

5