UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GERALD PLUVIOSE,

    Plaintiff,

v.

Case No. 2:24-cv-988-KCD-DNF

PHH MORTGAGE, RUSHMORE LOAN MANAGEMENT, U.S. BANK NATIONAL ASSOCIATION,

    Defendants.
_____/

## ORDER

Before the Court is Defendant PHH Mortgage's Motion to Dismiss, which Defendants Rushmore Loan Management Service and U.S. Bank National Association joined. (Docs. 17, 35.) They argue, in part, that pro se Plaintiff Gerald Pluviose's Second Amended Complaint (Docs. 7, 7-1)[1] does not comply with the Federal Rules of Civil Procedure. Pluviose responded in opposition but provides no explanation for why he cannot meet the basic pleading standards. (Doc. 23.) The Court agrees with Defendants, and their motions are thus **GRANTED**.

Although pro se complaints are held to a less stringent standard than those drafted by attorneys, they still must comply with the procedural rules.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

*See Mickens v. Tenth Jud. Cir.*, 181 F. App'x 865, 875 (11th Cir. 2006). A pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]" Fed. R. Civ. P. 8(a)(1)-(3). These requirements ensure "the defendant [has] fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Each party must also "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Rules "8 and 10 work together to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not." *Meide v. Pulse Evolution Corp.*, No. 3:18-CV-1037-J-34MCR, 2019 WL 4918264, at *1-2 (M.D. Fla. Oct. 4, 2019)

Certain particularly confusing complaints, known as "shotgun pleadings," are impermissible because they fail to give the defendant adequate notice. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320-21 (11th Cir. 2015). Plaintiff's complaint violates Rules 8 and 10 and is a shotgun pleading.

Looking at the attached statement of claim (Doc. 7-1), there is no differentiation between the individual defendants. Instead, they are lumped together as if their liability is congruent. For example, Pluviose alleges that "Defendants violated all the Fair Debt Collection Practices Act," then lists seven subsections of that Act, but does not explain how each Defendant violated each subsection. (Doc. 7-1 at 4.)[2] And Pluviose alleges that "Defendant is a debt collector," but doesn't say which Defendant he is referring to. (*Id.*) At bottom, the Second Amended Complaint repeatedly describes actions of "Defendants" without specifically attributing conduct to any one individually. By commingling claims against all Defendants without specifying who is responsible for which acts or omissions, the pleading deprives Defendants of adequate notice of the claims against them. This violates the minimum pleading requirements of Rules 8 and 10. *See Clifford v. Federman*, 855 F. App'x 525, 528 (11th Cir. 2021). Each paragraph is also not numbered, and the claims are not set forth separately. "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). They waste resources, broaden discovery, and ravage dockets. *Id.*; *see also Paylor v. Hartford Fire Ins.*, 748 F.3d 1117, 1127-28 (11th Cir. 2014) (urging district courts to police shotgun pleadings).

---

[2] Doc. 7-1 is not paginated, so the Court uses the page numbers generated by its electronic filing system.

Defendants seek dismissal with prejudice. (Doc. 17 at 20.) In determining whether to grant such relief, the Court must consider the circumstances of the case and the nature of the pleading deficiency. The most salient fact here is that Pluviose has already been given two opportunities to amend. And in a previous lawsuit involving the same parties and claims (No. 2:22-CV-668-JLB-KCD), Pluviose was given four opportunities to amend, but committed the same pleading errors. That case was ultimately dismissed for failure to prosecute. So Pluviose has had several chances but still cannot comply with the basic pleading requirements needed for Defendants to have fair notice of the claims against them. This warrants dismissal with prejudice. *See, e.g., Barmapov v. Amuial*, 986 F.3d 1321, 1326 (11th Cir. 2021) (affirming dismissal with prejudice, as "the district court dismissed [plaintiff's] first amended complaint after explaining why it was a shotgun pleading, and the court gave him a chance to try again. [He] squandered that opportunity by filing another shotgun pleading"); *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018) ("In dismissing a shotgun complaint for noncompliance with Rule 8(a), a district court must give the plaintiff 'one chance to remedy such deficiencies.' [Plaintiffs] had that opportunity.").

Accordingly, it is **ORDERED**:

1. Defendant's Motion to Dismiss (Doc. 17) is **GRANTED in part** to the extent the second amended complaint is dismissed with prejudice.

4

The Clerk is **DIRECTED** to enter judgment, terminate any pending motions and deadlines, and close the case.

2. The Motion is denied to the extent it seeks any greater or different relief.

**ENTERED** in Fort Myers, Florida on September 22, 2025.

Kyle C. Dudek
United States District Judge