UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GERALD PLUVIOSE,

    Plaintiff,

v.                                      Case No.:  2:24-cv-988-KCD-DNF

PHH MORTGAGE, RUSHMORE
LOAN MANAGEMENT, OCWEN,
U.S. BANK NATIONAL
ASSOCIATION,

    Defendant.

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff Gerald Pluviose's second Motion to Proceed In Forma Pauperis on Appeal (Doc. 79). For the reasons stated below, the Court recommends that the second Motion to Proceed In Forma Pauperis on Appeal (Doc. 79) be denied.[1]

**I.**     **Background**

Plaintiff initiated this action on November 5, 2024. Although unclear, it appears Plaintiff alleged that Defendants PHH Mortgage, Rushmore Loan

---

[1] Plaintiff requests identical relief in the present motion as he did in the prior motion (Doc. 72). On October 23, 2025, the Court entered a report and recommendation, recommending that the prior motion to appeal in forma pauperis be denied. The background, legal standard, and most of the analysis from the report and recommendation applies equally here. Therefore, the Court repeats it.

Management, Ocwen, and U.S. Bank National Association allegedly granted him a loan modification that Defendants refused to honor. (Doc. 1). The Court found Plaintiff's initial Complaint "deficient on several fronts," including a failure to properly allege diversity jurisdiction and a failure to properly plead this action under Federal Rules of Civil Procedure 8 and 10. (Doc. 3, p. 4-6). The Court allowed Plaintiff the opportunity to amend. (Doc. 3, p. 6-7). Plaintiff filed an Amended Complaint (Doc. 5) on December 3, 2024. As explained in the Order requiring Plaintiff to file a Second Amended Complaint, the Amended Complaint did not comply with Federal Rules of Civil Procedure 8 and 10 and was a shotgun pleading. (Doc. 6, p. 2-4).

Plaintiff filed a Second Amended Complaint (Doc. 7) on January 9, 2025. In a September 22, 2025 Order, the Court granted Defendants' motions to dismiss. (Doc. 68). The Court found Plaintiff's Second Amended Complaint was a shotgun pleading because "there is no differentiation between the individual defendants. Instead, they are lumped together as if their liability is congruent." (Doc. 68, p. 3). Plaintiff failed to explain how each Defendant violated each subsection of the Fair Debt Collection Practices Act. (Doc. 68, p. 3). The Court also found the Second Amended Complaint violated Federal Rules of Civil Procedure 8 and 10. (Doc. 68, p. 3). Finding Plaintiff had been given two opportunities to amend his complaint in this case and had been given four opportunities to amend in a prior lawsuit involving

the same parties, the Court dismissed Plaintiff's claims with prejudice. (Doc. 68, p. 4-5). Judgment was entered. (Doc. 69).

## II. Discussion

Under 28 U.S.C. § 1915(a)(3), "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one and a party's good faith is shown when he seeks appellate review of any issue that is not frivolous. *Coppedge v. United States*, 369 U.S. 438, 446, 7(1962). In other words, an appeal is not taken in good faith if the issues presented are frivolous. *Id.*

In the motion, Plaintiff states that the appeal is not frivolous and is taken in good faith and further states that the appeal "raises **substantial constitutional and procedural issues**-including denial of discovery, improper dismissal with prejudice, and the failure to afford *pro se* leniency-all of which warrant meaningful appellate review." (Doc. 79, p.1-2) (emphasis in original). These conclusory statements do not demonstrate that Plaintiff's appeal is taken in good faith. Plaintiff repeatedly failed to file a complaint that complied with Federal Rules of Civil Procedure 8 and 10 and also repeatedly presented a shotgun pleading, even after being directed on more than one occasion to correct these deficiencies. In all of the recent filings, Plaintiff failed to raise a non-frivolous claim on appeal. (*See* Doc. 78, 79).

Accordingly, because there is no sound factual or legal basis for Plaintiff's appeal, it is **RESPECTFULLY RECOMMENDED** that the Court find his appeal to be frivolous and **DENY** his second Motion to Proceed In Forma Pauperis on Appeal (Doc. 79) pursuant to 28 U.S.C. § 1915(a)(3).

Respectfully recommended in Fort Myers, Florida on November 17, 2025.

*[Signature]*
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties